# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1085-PRW |
| ) | |
| GREG MASHBURN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Joseph Stone, appearing pro se, filed this action against Cleveland County District Attorney Greg Mashburn, Cleveland County District Attorney's Office Intern Hunter White, Cleveland County District Judge Scott Brockman, and Cleveland County District Judge Jeff Virgin on October 17, 2024 (Dkt. 1). Plaintiff's Complaint asserts violations of his Fourth and Fourteenth Amendment rights arising from an ongoing state criminal prosecution.[1] Specifically, Plaintiff claims that his Fourth Amendment rights were violated when "no warrant [was] issued," and his Fourteenth Amendment rights were violated when he was refused an "appeal of [the] breathalizer [sic] mandate" prior to proceeding to trial.[2] Plaintiff seeks damages of $25,000, "access to [his] appeal for breathalizer [sic], and for [his] jury trial to be suspended."[3]

---

[1] The Court takes judicial notice of the docket in Plaintiff's pending criminal case in the District Court of Cleveland County, Oklahoma, *State v. Stone*, Case No. CM-2024-441, available at oscn.net.

[2] Compl. (Dkt. 1), at 3.

[3] Compl. (Dkt. 1), at 4.

1

After filing his Complaint, Plaintiff also filed two Notices of Removal (Dkts. 4, 13), attempting to remove his state criminal prosecution to federal court. It appears that Plaintiff is being prosecuted in Oklahoma State Court for misdemeanor charges of driving while under the influence and transporting an open container.[4]

## I. Plaintiff's Complaint

Upon review of Plaintiff's Complaint, the Court finds that, pursuant to the *Younger* abstention doctrine,[5] it should abstain from hearing Plaintiff's claims for monetary damages until the state criminal proceeding has concluded, and Plaintiff's claims for injunctive relief should be dismissed.

The *Younger* abstention doctrine requires that federal courts abstain from exercising jurisdiction that would interfere with state proceedings.[6] For *Younger* abstention to apply, three conditions must be satisfied: "First, the relevant state court proceeding must be 'ongoing.' Second, the state forum must provide an adequate opportunity to raise the relevant federal claims. Third, an important state interest must be present."[7]

---

[4] *See State v. Stone*, Case No. CM-2024-441, District Court of Cleveland County, Oklahoma.

[5] *See Younger v. Harris*, 401 U.S. 37 (1971). The Court "may raise the issue of abstention *sua sponte*." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013) (citations omitted). And because Plaintiff is also apparently attempting to remove his state criminal case to federal court, the Court has an obligation to examine the notices promptly. *See* 28 U.S.C. § 1455(b)(4).

[6] *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227–28 (10th Cir. 2004).

[7] *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023) (internal citations omitted).

The classic situation for invoking *Younger* is "a federal suit to enjoin a pending state criminal proceeding."[8] But *Younger* also "extends to federal claims for monetary relief when a judgement for the plaintiff would have preclusive effects on a pending state-court proceeding."[9] When monetary damages are sought, and *Younger* is implicated, the appropriate action is to stay the proceedings until the state criminal proceeding is final.[10] Claims seeking equitable relief, such as injunctive or declaratory relief, "are subject to outright dismissal."[11]

Here, all three requirements of *Younger* are satisfied. First, Plaintiff's state criminal proceedings are ongoing.[12] Second, Plaintiff has not shown that the state court is an inadequate forum to raise his claims regarding the administration of the breathalyzer test and his desire to appeal the breathalyzer mandate. And third, the state of Oklahoma has an important state interest in its own criminal prosecutions.[13] Any relief favorable to Plaintiff would have preclusive effects on Plaintiff's ongoing state criminal case. While there are

---

[8] *D.L.*, 392 F.3d at 1228 (citing *Younger* and *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280 (10th Cir. 1999)).

[9] *Id.* (citing *Gilbertson v. Albright*, 381 F.3d 965, 978–80 (9th Cir. 2004) (en banc)).

[10] *Graff*, 65 F.4th at 523 (citing *D.L.*, 392 F.3d at 1228 & n.1).

[11] *Id.* (citing *D.L.*, 392 F.3d at 1228).

[12] *See State v. Stone*, Case No. CM-2024-441, District Court of Cleveland County, Oklahoma.

[13] *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45).

exceptions to the *Younger* doctrine,[14] Plaintiff does not allege facts that would warrant their application here.

For these reasons, abstention is necessary in this case. This case is **STAYED** as to Plaintiff's claims for monetary damages pending the resolution of Plaintiff's state criminal case. Plaintiff's claims for injunctive relief are **DISMISSED** without prejudice.

## II. Plaintiff's Notices of Removal

Plaintiff has also sought removal of his state criminal proceeding.[15] The procedure for removing state criminal prosecutions to federal court is set forth in 28 U.S.C. § 1455. The notice of removal must include the grounds for removal.[16]

Plaintiff's notices of removal provide no adequate basis for removal of Plaintiff's state criminal case to federal court. Plaintiff states in the notices that "federal question jurisdiction has already been listed in [his] federal Complaint against the State."[17] But federal question jurisdiction cannot be the basis for removal of a state criminal case,

---

[14] *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." (citing *Younger*, 401 U.S. at 37 and *Ex Parte Young*, 209 U.S. 123 (1908))).

[15] Plaintiff has filed two notices of removal (Dkts. 4, 13) and marked the box stating "Removed from State Court" on the Civil Cover Sheet accompanying his Complaint (Dkt. 1-1).

[16] 28 U.S.C. § 1455(a).

[17] Notice of Removal (Dkt. 4), at 1 (capitalization corrected); Notice of Removal (Dkt. 13-1), at 1 (capitalization corrected).

because 28 U.S.C. § 1331 only permits jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."

Though not raised in the Complaint or notices of removal, satisfaction of the requirements set forth in 28 U.S.C. §§ 1442, 1442a, or 1443 would permit removal of a state criminal case in very limited circumstances. Under § 1442, a state criminal case may be removed if the case is brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof[;]" a "property holder whose title is derived from any such officer[;]" any "officer of the courts of the United States[;]" or "[a]ny officer of either House of Congress[.]"[18] Section 1442a would permit removal of a state criminal case if the case is brought against "a member of the armed forces of the United States[.]"[19] And § 1443 would permit removal of a state criminal case if the defendant alleges that he "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States[.]"[20]

Liberally construing Plaintiff's Notices and his Complaint,[21] Plaintiff fails to allege facts that satisfy any of these statutory requirements. As described above, Plaintiff appears to be asserting that the state court proceedings are in violation of his Fourth and Fourteenth Amendment rights. But the only violation of these rights apparent from his Complaint is the denial of an appeal of the breathalyzer mandate prior to trial. Because "[c]laims that

---

[18] 28 U.S.C. § 1442.

[19] 28 U.S.C. § 1442a.

[20] 28 U.S.C. § 1443(1).

[21] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting racial discrimination, will not suffice,"[22] Plaintiff's claims fall short of satisfying any of the statutory requirements that might justify removal.

Under 28 U.S.C. § 1455(b)(4), the Court must examine the notices promptly and "[i]f it clearly appears on the face of the notice[s] . . . that removal should not be permitted," the Court shall summarily remand the action. Because no basis for removal appears on the face of the notices, Plaintiff's criminal case must be summarily remanded.

The Court hereby **ORDERS** that Plaintiff's state criminal proceeding is **REMANDED** to the District Court of Cleveland County, Oklahoma, Case No. CM-2024-411.

### *Conclusion*

Plaintiff's claims for monetary damages are **STAYED** pending the resolution of his state criminal case.[23] Plaintiff's claims for injunctive relief are **DISMISSED** without prejudice. An appropriate Administrative Closing Order shall be entered.

Plaintiff's state criminal case, District Court of Cleveland County Case Number CM-2024-441, is **REMANDED** to the District Court of Cleveland County, Oklahoma.

---

[22] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

[23] Plaintiff shall inform the Court when his state criminal case has concluded.

**IT IS SO ORDERED** this 2nd day of January 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE